BLANK ROME LLP
Ana Tagvoryan (SBN 246536)
ana.tagvoryan@blankrome.com
Erica R. Graves (SBN 301785)
erica.graves@blankrome.com
Ping Zhang (SBN 312257)
ping.zhang@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone:     424.239.3400
Facsimile:     424.239.3434

Attorneys for Defendant
HOMARY INTERNATIONAL LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAILA LAWYER, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOMARY INTERNATIONAL LIMITED,<br><br>Defendant. | Case No. 4:24-cv-04113-HSG<br><br>*[Assigned to Honorable Haywood S. Gilliam, Jr.]*<br><br>**DEFENDANT HOMARY INTERNATIONAL LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Request for Judicial Notice, Declaration of Ping Zhang, and [Proposed] Order]*<br><br>Hearing:<br>Date:       October 31, 2024<br>Time:       2:00 p.m.<br>Place:       Oakland Courthouse, Courtroom 2 – 4th Floor, 1301 Clay Street, Oakland, CA 94612<br><br>FAC Filed:       September 3, 2024<br>Trial Date:       Not set |

No. 4:24-cv-04113-HSG

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 31, 2024, or as soon thereafter as this matter can be heard by the Honorable Haywood S. Gilliam, Jr. of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Courtroom 2 – 4th Floor, Defendant HOMARY INTERNATIONAL LIMITED ("Defendant" or "Homary") will and hereby does move to dismiss and/or strike Plaintiff LAILA LAWYER's ("Plaintiff") First Amended Class Action Complaint (ECF 19) (the "FAC") pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6).

Specifically, Defendant moves to dismiss Plaintiff's FAC, and every claim therein, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) because it fails to state a claim on which relief can be granted, under Rule 9(b) because it does not state with particularity the facts and circumstances constituting fraud, and under Rule 12(b)(1) because Plaintiff lacks standing to pursue certain claims or forms of relief, and moves to strike under Rule 12(f) because Plaintiff has not pled the factual basis for punitive damages.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice ("RJN"), the Declaration of Ping Zhang ("Zhang Decl."), any Reply filed in support of the Motion, and the records and pleadings in this action.

DATED: September 24, 2024          BLANK ROME LLP


By: */s/ Ping Zhang*
               Ana Tagvoryan
               Erica R. Graves
               Ping Zhang
               Attorneys for Defendant
               HOMARY INTERNATIONAL LIMITED

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

**ISSUES TO BE DECIDED**

1.      Has Plaintiff LAILA LAWYER ("Plaintiff") alleged a violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. (the "UCL"), Cal. Bus. & Prof. Code § 17500 *et seq*. (the "FAL"), and California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*. (the "CLRA") based on false or misleading reference price advertisements?

2.      Are Plaintiff's fraud-based claims, both statutory and otherwise, insufficient under Rule 9(b) of the Federal Rules of Civil Procedure?

4.      Did Plaintiff provide sufficient notice for her damages claim under the CLRA?

5.      Has Plaintiff alleged the elements of unjust enrichment and is her claim otherwise duplicative of consumer protection claims and subject to dismissal on that basis as well?

6.      Has Plaintiff sufficiently alleged that she has no adequate remedy at law such that she can obtain equitable relief?

7.      Does Plaintiff have standing to pursue injunctive relief?

8.      Has Plaintiff pled the factual basis for punitive damages?

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

## **TABLE OF CONTETNS**

Page

I.      INTRODUCTION. ...................................................................................................1

II.     FACTUAL BACKGROUND. ..................................................................................2

        A.      Homary's Alleged Pricing..........................................................................2

        B.      Plaintiff's Alleged Purchase.......................................................................3

III.    PROCEDURAL HISTORY......................................................................................4

IV.     STANDARD OF REVIEW. ....................................................................................4

        A.      Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6). ......4

        B.      Motion to Dismiss for Lack of Standing Under Rule 12(b)(1)..................5

        C.      Motion to Strike Under Rule 12(f)..............................................................5

V.      EACH OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED............................5

        A.      Plaintiff Has Not Sufficiently Alleged False Advertising..........................5

                1.      Plaintiff's Allegations Fail the Rule 9(b) Pleading Standards. .....................5

                2.      Plaintiff Does Not Sufficiently Allege the "Prevailing Market
                        Price" of the Product at the Time of Her Purchase. ......................7

                3.      Plaintiff Cannot Show Violation of Section 17500 of the FAL or
                        the CLRA. ......................................................................................9

                4.      Plaintiff's UCL Claim Fails with Her Other Claims...................11

                5.      Plaintiff's CLRA Claim for Damages Must be Dismissed for
                        Failure to Provided Sufficient Notice. ........................................13

        B.      Unjust Enrichment Is Based on the Same, Conclusory Allegations and Is
                Not an Independent Cause of Action. ........................................................14

        C.      Plaintiff Cannot Recover in Equity Where Damages May Be an Adequate
                Remedy and Plaintiff Has Not Alleged any Basis for Injunctive Relief................15

VI.     PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE STRICKEN. .........17

VII.    CONCLUSION. ...................................................................................................17

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE,
TO STRIKE**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aellis O. v. Connor*,
No. 22-cv-200 JLS (WVG), 2022 WL 2229421 (S.D. Cal. June 21, 2022) .......................... 14

*Alcoa, Inc. v. Bonneville Power Admin.*,
698 F.3d 774 (9th Cir. 2012)................................................................................................ 16

*Aleem v. Bank of Am.*,
2010 WL 532330 (C.D. Cal. Feb. 9, 2010)........................................................................... 11

*Allen v. Similasan Corp.*,
2013 WL 5436648 (S.D. Cal. Sept. 27, 2013) ...................................................................... 13

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
802 F. Supp. 2d 1070 (N.D. Cal. 2011) ................................................................................ 15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................................. 4

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015)................................................................................................. 15

*Barrett v. Optimum Nutrition, Inc.*,
2022 WL 18401338 (C.D. Cal. Dec. 13, 2022) .................................................................... 16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................................................. 4

*Carvalho v. HP, Inc.*,
No. 21-CV-08015-BLF, 2022 WL 2290595 (N.D. Cal. June 24, 2022) ......................... 6, 7, 8

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ................................................................................................ 9, 10, 11

*Chowning v. Kohl's Dep't Stores, Inc.*,
735 F. App'x 924 (9th Cir. 2018) ......................................................................................... 16

*Clark v. Am. Honda Motor Co.*,
528 F. Supp. 3d 1108 (C.D. Cal. 2021) ................................................................................ 16

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016)................................................................................................. 10

*Farmers v. Super. Ct.*,
2 Cal. 4th 377 (1992) ............................................................................................................ 11

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

*Frenzel v. AliphCom*,
    2014 WL 7387150 (N.D. Cal. Dec. 29, 2014) ........................................................................ 13

*Gudgel v. Clorox Co.*,
    2021 WL 212899 (N.D. Cal. Jan. 21, 2021) ............................................................................ 4

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) .............................................................................. 12

*Haley v. Macy's, Inc.*,
    263 F. Supp. 3d 819 (N.D. Cal. 2017) .............................................................................. 7, 8

*Joslin v. Clif Bar & Co.*,
    No. 4:18-cv-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ............................ 16

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .............................................................................................. 5

*Knowles v. Arris Int'l PLC*,
    2019 WL 3934781 (N.D. Cal. Aug. 20, 2019) ...................................................................... 12

*Krantz v. BT Visual Images, L.L.C.*,
    89 Cal. App. 4th 164 (2001) .............................................................................................. 12

*Lungren v. Deukmejian*,
    45 Cal. 3d 727 (1988) ......................................................................................................... 9

*Mahfood v. QVC, Inc.*,
    2007 WL 9363986 (C.D. Cal. Feb. 7, 2007) ........................................................................ 7

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) .............................................................................................. 5

*McBride v. Boughton*,
    123 Cal. App. 4th 379 (2004) ............................................................................................ 15

*Mountjoy v. Bank of Am. Home Loans*,
    2016 WL 4192416 (E.D. Cal. Aug. 9, 2016) ........................................................................ 6

*O'Donnell v. Bank of Am. Nat'l Ass'n*,
    504 Fed.Appx. 566 (9th Cir. 2013) ................................................................................ 11, 12

*People v. Superior Ct.* (*J.C. Penney Corp.*),
    34 Cal. App. 5th 376 (2019), *as modified on denial of reh'g* (May 6, 2019) ................. 7, 9, 10

*Phillips v. Brooklyn Bedding LLC*,
    No. 23-CV-03781-RFL, 2024 WL 2830663 (N.D. Cal. Mar. 28, 2024) .............................. 16

*Price v. Starbucks Corp.*,
    192 Cal. App. 4th 1136 (2011) .......................................................................................... 12

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

*Rael v. Dooney & Bourke, Inc.*,
    2016 WL 3952219 (S.D. Cal. July 22, 2016) ........................................................... 6, 8

*Rodriguez v. Equal Exch., Inc.*,
    No. 23-CV-0055-AGS-SBC, 2024 WL 1421971 ........................................................... 17

*Rubenstein v. Neiman Marcus Grp. LLC*,
    687 F. App'x 564 (9th Cir. 2017) ........................................................... 12

*Rubin v. Green*,
    4 Cal. 4th 1187 (1993) ........................................................... 10

*Ruszecki v. Nelson Bach USA Ltd.*,
    2015 WL 6750980 (S.D. Cal. June 25, 2015) ........................................................... 13

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ........................................................... 5

*Schertzer v. Samsonite Co. Stores, LLC*,
    2020 WL 4281990 (S.D. Cal. Feb. 25, 2020) ........................................................... 8

*Smith v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, 660 F. Supp.
    3d 863, 875 (N.D. Cal. 2023) ........................................................... 14

*Shuman v. SquareTrade Inc.*,
    No. 20-cv-02725-JCS, 2021 WL 5113182 (N.D. Cal. Nov. 3, 2021) ........................................................... 14

*Somerville v. Medtronic, Inc.*,
    No. 8:20-cv-02177-JLS- ADS, 2021 WL 5926029 (C.D. Cal. Aug. 19, 2021) ........................................................... 17

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ........................................................... 15

*Spann v. J.C. Penney Corp.*,
    307 F.R.D. 508 (C.D. Cal. 2015), *modified*, 314 F.R.D. 312 (C.D. Cal. 2016) ........................................................... 10

*Sperling v. DSW, Inc.*,
    2015 WL 13309476 (C.D. Cal. Nov. 19, 2015) ........................................................... 8

*Sperling v. DSW Inc.*,
    2016 WL 354319 (C.D. Cal. Jan. 28, 2016), *aff'd sub nom. Sperling v. DSWC,*
    *Inc.*, 699 F. App'x 654 (9th Cir. 2017) ........................................................... 6

*Sperling v. Stein Mart, Inc.*,
    291 F. Supp. 3d 1076 (C.D. Cal. 2018) ........................................................... 7, 8

*Stanwood v. Estee Lauder*,
    2012 WL 12888833 (C.D. Cal. June 28, 2012) ........................................................... 11

*Steilberg v. Lackner*,
    69 Cal. App. 3d 780 (1977) ........................................................... 9

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE,
TO STRIKE**

*Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*,
   No. 14-CV-00362-BLF, 2014 WL 3705350 (N.D. Cal. July 24, 2014) ................................. 17

*Terpin v. AT&T Mobility*,
   LLC, No. 2:18-CV-06975-ODW, 2020 WL 5369410 (C.D. Cal. Sept. 8, 2020) .................. 17

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................................. 6

*Wang v. OCZ Tech. Grp., Inc.*,
   276 F.R.D. 618 (N.D. Cal. 2011) .......................................................................................... 15

*Watkins v. MGA Ent., Inc.*,
   550 F. Supp. 3d 815 (N.D. Cal. 2021) ............................................................................ 15, 16

*Webb v. Smart Document Solutions, LLC*,
   499 F.3d 1078 (9th Cir. 2007) ............................................................................................... 10

*In re Wilshire Courtyard*,
   729 F.3d 1279 (9th Cir. 2013) ................................................................................................. 5

*Winding v. NDEX W., LLC*,
   543 F. App'x 683 (9th Cir. 2013) ..................................................................................... 5, 17

*Zeller v. Optavia, LLC*,
   2022 WL 17858032 (S.D. Cal. Dec. 22, 2022) ..................................................................... 16

**Statutes**

Cal. Bus. & Prof. Code
   § 17200 ............................................................................................................................. 4, 10
   § 17500 .......................................................................................................................... 4, 9, 11
   § 17501 ............................................................................................................................ *passim*

Cal. Civ. Code
   § 1750 .............................................................................................................................. *passim*
   § 1782(a) ................................................................................................................................ 13
   § 3294(a) ................................................................................................................................ 17

**Other Authorities**

16 C.F.R.
   § 233.1 ................................................................................................................................... 11
   § 233.1(a) ............................................................................................................................... 11
   § 233.2 ................................................................................................................................... 11
   § 233.2(a) ............................................................................................................................... 11

29 Fed. Reg. 178 (1964) ................................................................................................................ 12

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

Fed. R. Civ. Proc.

§ 12(b)(1) .................................................................................................... 5
§ 12(b)(6) ................................................................................................ 4, 10

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION.

Plaintiff filed an amended complaint in response to Homary's initial Motion to Dismiss the Complaint or, in the Alternative, to Strike (ECF 17) ("First Motion to Dismiss"), rather than litigate the Complaint's flaws. However, the FAC only made cosmetic changes, which do not save Plaintiff's claims. (*See* Zhang Decl., Ex. 4.) Plaintiff's FAC continues to allege in a conclusory fashion that the reference prices for products advertised on Homary's website (the "Website") are fake. But the FAC still fails to introduce *any fact* which would support a conclusion that the strike-through prices did not reflect the true value or former price of the products at issue *at the time of Plaintiff's purchase*. Plaintiff does not identify any relevant historic pricing of her own purchased product, much less any relevant (both in time and in degree) "locale" against which the strike-through price should be measured. Despite her knowledge that the Complaint was flawed, Plaintiff likewise fails to plead what investigation she or her counsel engaged in to identify the purported fraud. Plaintiff's broad and conclusory allegations of "falsity" are not enough.

Furthermore, Plaintiff fails to plead that the product she purchased (and the products on the Website) are exclusive to Homary. As such, Plaintiff fails to plead the "prevailing market price" of the products, and hence whether Homary's advertised prices conformed to the "prevailing market." Since this is an element of falsity under California's False Advertising Law, Plaintiff has failed to meet her pleading burden.

Finally, Plaintiff fails to allege the necessary facts to sustain her claims for equitable relief (*e.g.*, restitution) because she does not sufficiently plead an inadequate legal remedy. In fact, Plaintiff's request for "damages" and "restitution" are precisely the same amount. Another district court recently dismissed identical equitable claims for relief for this reason. Similarly, Plaintiff does not allege any plausible future harm (nor can she), nullifying her request for an injunction.

As more fully explained below, the FAC should be dismissed.

//

//

//

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

## II.    FACTUAL BACKGROUND.

### A.    Homary's Alleged Pricing.

Defendant sells home furnishing products on the Website, including a Modern Floor Lamp purchased by Plaintiff (the "Product"). (FAC, at ¶ 13.) The Website advertises seasonal sales, including Homary Day sales and so on. (*Id.* at ¶ 28 [displaying images for "Homary Day" sales].) The promotions also sometimes feature different discount amounts for qualifying items, "Save $280 (65%)," Save $680 (45%)" "Save $ 2,490 (47%)." (*Id.*) Not all products qualify for every Website-wide sales promotion and the price reductions vary among products.

Plaintiff's FAC alleges that the Website advertises products—including the Product—as discounted from the prior price by way of "strike-through" price references, but that these advertisements are false and misleading, for three reasons. First, Plaintiff alleges the products are offered for "perpetual 'sale'" on the Website and are "never offered at the higher, strikethrough reference price" on the advertisement. (*Id.* at ¶¶ 2, 14.) Second, Plaintiff alleges that "Plaintiff and members of the Class paid a price premium due to the mislabeling of Defendant's Products." (*Id.* at ¶ 58.) Third, Plaintiff alleges that the "Products did not have the level of quality or value as promised." (*Id.*)

Plaintiff's false pricing allegations are conclusory and bare boned. In support of her allegations, the FAC includes two screenshots allegedly showing advertising of strike-through prices for four products at the Website: A Floor Lamp, a Modern White Resin Dog Sculpture, a Nesnesis Modern Round Sintered Stone Nesting, and a Modern 7 Seat Sectional Sofa. (*Id.* at ¶¶ 4, 28). The FAC does not allege when the screenshots were taken or any historic price of these four products. The FAC further alleges that "the use of a sophisticated price-tracking software and/or available internet archives software for many of Defendants' products" confirmed that "Defendant never actually sells its Products at the fictitious strikethrough pricing (*Id.* at ¶¶ 5, 29); however, it does not state which of the thousands of products on Homary's website it tracked, over what period, or any other information about the supposed price tracking.

Plaintiff alleges that these categories of purported deceptive behavior induce customers to purchase products they would not have bought and paid a price premium. (*Id.* at ¶¶ 6, 15, 58.)

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

### B.    Plaintiff's Alleged Purchase.

Plaintiff's own experience is much narrower than the allegations in the FAC. Plaintiff alleges that she purchased the Product from the Website "on or about August 2022". (FAC, at ¶ 13.)

She claims that she saw that the Product was being offered at a "new lower price" of "$139.99", the advertising also "displayed an original, strike-through price of $236.99, representing that Plaintiff would 'Save $97.00 (40%).'" (*Id*.) Plaintiff ultimately purchased the Product for $139.99. (*Id*.) Plaintiff alleges that the Product she purchased was "never offered at the higher, strikethrough reference price." (*Id*. at ¶ 14.) Plaintiff does not state how she knows the product was never offered at a higher price. And of course, Plaintiff's allegations suggests Plaintiff paid the lowest possible price for the product. However, Plaintiff does not state what the price was for the Product prior to the purchase, or any information beyond a formulaic recitation of falsity. (*See id*. at ¶¶ 14-15.) In fact, the FAC makes *no allegations* about how Homary priced the Product in the relevant 90-day window prior to August 2022, or ever, whether the Product is sold at other retailers, or the prices at which other retailers offered the Product at that time.[1]

Nevertheless, Plaintiff claims that she was damaged economically solely because she was purportedly misled into believing that she was receiving a discount on her Product. (*Id*. at ¶ 13.) Notably, Plaintiff does not allege any market price prior to her purchase or that the Product was worth less than she paid for in the marketplace. Plaintiff did not return the Product, thereby retaining 100% of the value of the goods she received. In fact, on May 25, 2023, Plaintiff confirmed that she was satisfied with her purchase on Better Business Bureau's review platform: **"So happy with my many many purchases from Homary! . . . All unique and well made, modern, gorgeous things. So very happy to have found this store."** (RJN, at Exh. 2.) (Emphasis Added.)

---

[1] The FAC alleges that "no branding is readily apparent on Homary's Product pages. Thus, consumers cannot even reasonably compare Homary's advertised former prices against comparable offerings from the same manufacturer." (FAC, at ¶ 30.) This is incorrect. First, Homary-branded products are sold at other retailers, such as Amazon. (RJN, at Ex. 3.) Second, Homary is aware of no authority that limits the market value to only Homary-branded products. The same or similar products are offered for sale under various brands on multiple retailer websites.

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

On these facts, Plaintiff alleges violation of Cal. Bus. & Prof. Code § 17200 *et seq*. (the "UCL"), Cal. Bus. & Prof. Code § 17500 *et seq*. (the "FAL"), and California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. (the "CLRA"), in addition to fraud and unjust enrichment. Plaintiff seeks to represent a California class of consumers who purchased any product for any price at any time on the Website during the applicable statute of limitations. (FAC, at ¶ 38.) Plaintiff also seeks injunctive relief, although she does not allege any desire to purchase products from the Website in the future. (*Id*. at ¶ 69.)

## III.    PROCEDURAL HISTORY.

Plaintiff filed her Complaint on April 2, 2024 in the Superior Court of California for the County of Contra Costa, entitled *Laila Lawyer v. Homary International Limited*, No. C24-00887 (the "State Court Action"). On July 8, 2024, Defendant removed the State Court Action to this court and was assigned to Magistrate Judge Joseph C. Spero. (ECF 4). On July 23, 2024, the case was reassigned to this Court. (ECF 13.) On August 14, 2024, Defendant filed the First Motion to Dismiss. (ECF 17). On September 3, 2024, Plaintiff filed the FAC. (ECF 19). On September 5, 2024, the Court deemed the First Motion to Dismiss is moot. (ECF 23).

## IV.    STANDARD OF REVIEW.

### A.    Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A court need not accept the truth of "legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. After stripping conclusory statements in a complaint, the remaining factual allegations must "raise a right to relief above the speculative level." *Id.* (quotations omitted). The Court may consider matters in the complaint as well as those judicially noticed "if the document is central to the claims asserted in the complaint." *Gudgel v. Clorox Co.*, 2021 WL 212899, at *2 (N.D. Cal. Jan. 21, 2021).

//

**B.      Motion to Dismiss for Lack of Standing Under Rule 12(b)(1).**

"[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). The Plaintiff has the burden of proving that the Court has subject matter jurisdiction. *See In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013) ("The burden of establishing subject matter jurisdiction rests on the party asserting that the court has jurisdiction.").

**C.      Motion to Strike Under Rule 12(f).**

Rule 12(f) permits the Court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a complaint. "This Court may strike 'impertinent' matters from the pleadings 'to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (internal quotation marks omitted). A court may grant a motion to strike punitive damages if a plaintiff "did not allege facts demonstrating malice, oppression, or fraud." *Winding v. NDEX W., LLC*, 543 F. App'x 683, 684 (9th Cir. 2013).

## V.      EACH OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED.

**A.      Plaintiff Has Not Sufficiently Alleged False Advertising.**

Plaintiff has not sufficiently alleged a false or misleading advertisement as to the Product she purchased, whether arising from the "strike-through" price or otherwise. Nor has Plaintiff alleged that she reasonably relied on the meaning of the strike-through price or the specific deal she thought she was receiving. And perhaps the most obvious deficiency is the lack of any fact tending to show that Plaintiff was economically damaged because she received anything less than what she paid for. These deficiencies in the allegations doom her FAC not only because they fail to meet the prerequisites of the statutory and common law fraud claims, but also because Plaintiff's entire FAC must be analyzed under the exacting requirements of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

**1.      Plaintiff's Allegations Fail the Rule 9(b) Pleading Standards.**

Plaintiff's entire FAC fails because she has not pled sufficiently specific fraud allegations to survive a motion to dismiss under Rule 9(b). Because Plaintiff alleges "fraudulent actions of

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

Defendant caused damage to Plaintiff and members of the Class" (FAC, at ¶ 97), the Rule 9(b) standard applies to each of her claims, and she must state with particularity "the circumstances constituting fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). Under this standard, plaintiffs must plead the "who, what, when, where, and how" of the misconduct charged. *Id.* at 1106. "[M]ere conclusory allegations of fraud are insufficient." *Mountjoy v. Bank of Am. Home Loans*, 2016 WL 4192416, at *6 (E.D. Cal. Aug. 9, 2016) (internal citations omitted).

Here, Plaintiff's FAC simply alleges that (1) Plaintiff purchase a Product at $139.99, and (2) generally, Defendant's prices are false because "Defendant's Products are never offered at the higher, strikethrough reference price." (FAC, at ¶ 14.) Oddly, Plaintiff does not allege the price the Product was offered on Defendant's website (or anywhere else) prior to her August 2022 purchase. This dearth of allegations is remarkable. Under Rule 9(b) pleading standards, a plaintiff cannot simply point to a reference price and claim it is false. *See Sperling v. DSW Inc*., 2016 WL 354319, at *6 (C.D. Cal. Jan. 28, 2016), *aff'd sub nom. Sperling v. DSWC, Inc*., 699 F. App'x 654 (9th Cir. 2017) (holding that plaintiff's complaint was subject to dismissal for failing to meet the heightened pleading standard because "[n]owhere does the SAC explain how Defendants' comparative reference prices are inflated or why they do not accurately reflect prevailing market prices."). Instead, Plaintiff baldly and generally claims that Defendant's prices are misleading. In short, Plaintiff and her counsel asks the Court to simply trust them that all prices of all Products on the Website are false at all times. Such conclusory allegations do not meet the Rule 9(b) specificity requirement. *See Rael v. Dooney & Bourke, Inc*., 2016 WL 3952219, at *3–4 (S.D. Cal. July 22, 2016).

Similarly, Plaintiff's FAC makes no allegation regarding the relevant market—Plaintiff does not even allege that she purchased, or that Defendant advertises or sells exclusive products. This also is fatal to Plaintiff's claim. *Carvalho v. HP, Inc*., No. 21-CV-08015-BLF, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022) (Plaintiff is required to "plead that the strikethrough price is an inaccurate representation of the price at which the good is sold in the marketplace.") As in *Carvalho*, Plaintiff has not met her pleading burden. The "[FAC] does not contain any [non-conclusory] allegations that the strikethrough price displayed on [Homary's] website are 'inflated'

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

or 'why they do not accurately reflect prevailing market prices.' Instead, [Plaintiff] allege[s] only that the strikethrough prices displayed on [Homary's] website did not reflect the price at which the products were sold on [Homary's] website" in sometime prior to her purchase. *Carvalho* at *4 (internal citations omitted). Nowhere in the FAC does Plaintiff allege facts to indicate the strikethrough prices are inflated or why the strikethrough prices do not accurately reflect prevailing market price.

Because the FAC is silent as to basic "who, what, when, where, and how" facts regarding product pricing, Plaintiff's FAC must be dismissed. *See Stein Mart*, 291 F. Supp. 3d at 1084) (dismissing claims where plaintiffs made no allegations that the prices at which the products were sold were "inflated" or "why they [did] not accurately reflect prevailing market prices"); *see also Mahfood v. QVC, Inc.*, 2007 WL 9363986, at *4 (C.D. Cal. Feb. 7, 2007) (dismissing fraud claim where allegations failed to "state with specificity any facts relating to the alleged misrepresentation of the actual retail market prices of the items"); *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017) (dismissing fraud-based claims because information and belief allegations were not sufficient to allege that "[d]efendants' original or regular prices were false or otherwise misleading" and could not be used by plaintiffs "as a 'pretext for the discovery of unknown wrongs'") (quoting *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

## 2. Plaintiff Does Not Sufficiently Allege the "Prevailing Market Price" of the Product at the Time of Her Purchase.

Independently, Plaintiff cannot state a claim under FAL Section 17501 because she has not pled facts establishing the "prevailing market price" of the Product in the three months before her purchase. Section 17501 states that a seller may advertise a product's "former price" where the "former price was the prevailing market price" in the prior three months." Cal. Bus. & Prof. Code § 17501. "Prevailing market price" means the "retail" market "in the locality wherein the advertisement is published." *Id*. Thus, a plaintiff pleading a Section 17501 claim must show the price of a product in the relevant market. If the product is sold by multiple retailers, the market comprises *all* stores at which the product is available. *People v. Superior Ct.* (*J.C. Penney Corp.*), 34 Cal. App. 5th 376, 416–17 (2019), *as modified on denial of reh'g* (May 6, 2019) ("the market

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

1  for each nonexclusive item advertised by a real party in interest consists of all the retailers selling

2  the 'advertised item' . . . the [defendant's] price for a nonexclusive item will not establish the item's

3  prevailing market price."); *Sperling v. Stein Mart, Inc*., 291 F. Supp. 3d 1076, 1084–85 (C.D. Cal.

4  2018) (same).

5      Plaintiff's FAC alleges neither the "prevailing market price" in the 90 days before Plaintiff's

6  purchase "on or about August 2022" nor the relevant market—Plaintiff does not allege that she

7  purchased a product that was exclusive to Defendant. Plaintiff's sole allegation is that the Product

8  she purchased is Homary branded and that consumers cannot price compare. Not only is this false—

9  Homary-branded products are not exclusively available on the Website—but identical or similar

10  products are available from multiple retailers. (RJN, at Ex. 3.) Homary is not aware of any law

11  insulating the Plaintiff from her pleading burden because of "branding"' certainly the definition of

12  "market price" in Section 17501 does not permit it.

13      This is fatal to Plaintiff's claim. In cases involving non-exclusive products, courts require

14  plaintiffs to plead additional facts to state a claim for deceptive advertising. *Schertzer v. Samsonite*

15  *Co. Stores, LLC,* 2020 WL 4281990, at *5 (S.D. Cal. Feb. 25, 2020) (dismissing claims where

16  plaintiff "allege[d], without alleging any supporting facts, her belief that the product she purchased

17  had not been offered at the 'retail' price" in the preceding 90 days); *Rael*, 2016 WL 3952219, at

18  *3–4 (dismissing UCL, FAL, and CLRA claims where plaintiff failed to make any non-conclusory

19  allegations that the "sale" offered in the defendant's stores did not accurately reflect a discount of

20  the market price for the product); *Carvalho*, 2022 WL 2290595, at *4 (dismissing claims for

21  violation of the CLRA, FAL, and UCL for failure to provide allegations regarding the pricing of

22  the non-exclusive products at other retailers); *Sperling v. DSW, Inc.*, 2015 WL 13309476, at *8–9

23  (C.D. Cal. Nov. 19, 2015) (dismissing claims where plaintiff did not plausibly plead market prices);

24  *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017) (same).

25      Given the market-specific requirements baked into FAL section 17501 and California case

26  law, Plaintiff's FAC does not plausibly allege that Defendant engaged in false or misleading former

27  price advertisements.

28  //

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

### 3.    Plaintiff Cannot Show Violation of Section 17500 of the FAL or the CLRA.

In addition, Plaintiff cannot allege that the FAL's "general" section 17500 prohibits Defendant's conduct in the absence of a violation of the more specific FAL section 17501 statute. "It is a cardinal rule of statutory interpretation that specific statutory regulations control over the general statutes." *Steilberg v. Lackner*, 69 Cal. App. 3d 780, 788 (1977). While the FAL generally protects consumers from false or deceptive advertising *J.C. Penney Corp.*, 34 Cal. App. 5th at 392, the general section 17500 provision statute is "supported" by other sections, including section "17501 [which] sets forth a specific prohibition not found in section 17500." *J.C. Penney Corp.*, 34 Cal. App. 5th at 392.

Section 17501 "imposes standardized market-based meanings on permissible former price claims, and proscribes all other former price claims—including discount advertising that conveys the seller's *own* former price for an item, unless that advertised former price coincides with ... market prices." *Id*. at 394-95. Likewise, statutory schemes must be read together to harmonize and unify each part of the statute. *Lungren v. Deukmejian*, 45 Cal. 3d 727, 735 (1988).

Here, conduct that is permitted by the specific FAL section 17501—defining a "former" price with reference to the marketplace as a whole—cannot violate the general FAL provision 17500 without breaking the "cardinal" rule of statutory interpretation and without disharmonizing the statutory scheme and subjecting the entire legislation to constitutional scrutiny. In fact, the California Attorney General has stated, and California courts agree, that "under the statutes," 17500 and 17501 advertisements "must coincide with the same standard, the 'prevailing market price,' which means the actual selling price of the article in the open market." *J.C. Penney Corp.*, 34 Cal. App. 5th at 395–96 (citing 30 Ops. Cal. Atty. Gen. 127, 129 (1957)).

Second, Plaintiff cannot plead around FAL section 17501 using the CLRA or UCL. "If the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co*., 20 Cal. 4th 163, 182 (1999). In *Cel-Tech*, the California Supreme Court held that where the legislature has permitted certain conduct, the plaintiff cannot use general unfair competition laws

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

to "plead around" the issue and deem the same conduct unfair, unlawful, or fraudulent. *Id*. To put it another way, "courts may not use the unfair competition law to condemn actions the Legislature permits" *Id*. at 184; see also *Rubin v. Green*, 4 Cal. 4th 1187, 1201-1202 (1993) (affirming the lower court's dismissal and holding that a "safe harbor" "may not be circumvented by recasting the action as one under Business and Professions Code section 17200"). The Ninth Circuit applies *Cel-Tech*'s doctrine to both UCL claims and CLRA claims. *Ebner v. Fresh, Inc*., 838 F.3d 958, 963 (9th Cir. 2016) (affirming application of safe harbor doctrine to UCL, FAL, and CLRA claims).

This means that Plaintiff must show that Defendant's actions did not fall under conduct that the Legislature permitted in FAL section 17501. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1088 (9th Cir. 2007) (dismissing UCL claim and noting that "because Plaintiffs have not sufficiently alleged a HIPAA violation, they have not stated a claim under Section 17200, and dismissal under Rule 12(b)(6) was appropriate"). Here, FAL section 17501 "carves out" conduct that the legislature expressly deems lawful. *See J.C. Penney Corp*., 34 Cal. App. 5th at 396. The statute says that "when a retailer advertises a 'former' or 'original' price and compares it with a sale price, that 'former' or 'original' price must refer to the prevailing market price of the item." *Id*. at 396 (emphasis added); *see also Spann v. J.C. Penney Corp*., 307 F.R.D. 508, 526 (C.D. Cal. 2015), *modified*, 314 F.R.D. 312 (C.D. Cal. 2016) ("according to [17501's] clear language, when a retailer advertises a 'former' or 'original' price and compares it with a sale price, that 'former' or 'original' price must refer to the prevailing market price of the item.").

Assuming the strike-through prices represent "former" or "original" prices as Plaintiff contends, the statute deems defining "former" prices according to "market" prices lawful. Plaintiff therefore cannot plead that Defendant's conduct is unlawful under the FAL or CLRA because its strike-through prices are not its own former prices. Plaintiff must first show that Defendant's pricing does not comport with expressly permissible pricing defined in Section 17501. Here, Plaintiff has not sufficiently alleged that Defendant's prices for the Product did not correspond to the "market" prices within the prior 90 days in the locality. Plaintiff cannot claim that conduct permitted by Section 17501 violates the law. *See Spann*, 307 F.R.D. at 526; *Ebner*, 838 F.3d at 963

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

1  (plaintiff cannot maintain claims under either the UCL, CLRA, or FAL based on "actions the

2  Legislature permits").

3       Since Plaintiff has not pled facts for her FAL section 17501 claim and has not pled the

4  market for the Product, Plaintiff cannot allege a violation under section 17500 or the CLRA either.

5  *Cel-Tech Commc'ns Inc.*, 20 Cal. 4th at 182.

6       **4.     Plaintiff's UCL Claim Fails with Her Other Claims.**

7       Plaintiff has otherwise failed to plead a predicate violation to state a UCL "unlawful" claim.

8  The UCL "unlawful" prong "borrows violations of other laws and treats these violations … as

9  unlawful practices." *Farmers v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992); *Stanwood v. Estee Lauder*,

10  2012 WL 12888833, at *3 n.4 (C.D. Cal. June 28, 2012) ("Plaintiffs' UCL claim under the

11  'unlawful' prong … fails because they do not assert a viable predicate statutory violation."). But

12  this "bootstrapping" of other laws under the UCL's unlawful prong has limits. *Aleem v. Bank of*

13  *Am.*, 2010 WL 532330, at *3 (C.D. Cal. Feb. 9, 2010) (UCL cannot create a legal violation where

14  none exists under the substantive law).

15       Plaintiff alleges that "Defendant has violated the UCL's 'unlawful prong' as a result of its

16  violations of the CLRA, FAL, and [FTC] regulations." (FAC, at ¶ 75.) However, Plaintiff has failed

17  to adequately plead violations of the CLRA and FAL, as demonstrated herein. Plaintiff then

18  improperly relies on Federal Trade Commission ("FTC") regulations.[2] First, FTC regulations

19  cannot form a predicate violation under the UCL, *see O'Donnell v. Bank of Am. Nat'l Ass'n*, 504

20  Fed.Appx. 566, 568 (9th Cir. 2013) ("The [FTCA] doesn't create a private right of action, and

21

22  _____

[2] Plaintiff pleads that FTC Regulations generically prohibit false or misleading "former price" and
23  "retail price" comparisons under 16 C.F.R. §§ 233.1(a) and 233.2(a). (FAC, at ¶¶ 20-22.) Like the
FAL's reference to a specific "advertised thing," the FTC's regulations concern pricing of specific
24  merchandise and any "particular article." 16 C.F.R. § 233.2(a). The main difference between the
FTC's "former price" regulation in Section 233.1 and the FAL Section 17501 is that the FAL looks
25  to the entire market in which the product is sold, rather than a seller or retailer. *Compare* Cal. Bus.
& Prof. Code § 17501 (defining "prevailing market price" as that within "the locality wherein the
26  advertisement is published") with 16 C.F.R. § 233.1(a) (discussing "reduction[s] from the
advertiser's own former price"). The FTC's "retail price" comparison rules in Section 233.2, by
27  comparison, look to "prices… charged by others for the same merchandise in the advertiser's trade
area." 16 C.F.R. § 233.2. Thus, both the FAL Section 17501 and CFR Section 233.2 look to the
28  advertiser's locality and trade area to evaluate a discount offer on the particular product at issue.

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE,
TO STRIKE**

1   plaintiffs can't use California [unfair competition] law to engineer one"); *see also* 29 Fed. Reg. 178

2   (1964) (Pricing Guides are not "fixed rules of 'do's' and 'don'ts' or detailed statements of the

3   Commission's enforcement policies").[3] Plaintiff also fails to demonstrate how the FTC regulations

4   may be relevant to a UCL claim under California law where California has specific statutory

5   scheme related to reference pricing advertisements. Cal. Bus. & Prof. Code § 17501.

6         Finally, Plaintiff's "unfair" UCL claim rises and falls on her remaining UCL counts because

7   Plaintiff alleges the same conduct for each. "[W]here the unfair business practices alleged under

8   the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent

9   and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under

10  the other two prongs of the UCL do not survive." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d

11  1074, 1104-1105 (N.D. Cal. 2017); *Knowles v. Arris Int'l PLC*, 2019 WL 3934781, at *17 (N.D.

12  Cal. Aug. 20, 2019).

13        Plaintiff only pays lip-service to the unfair prong, making conclusory statements that allege

14  only that Defendant's practices "is substantially injuries to consumers, offends public policy, and

15  is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any

16  alleged benefits". (*See* FAC at ¶ 84.) Plaintiff does not sufficiently allege *how* the alleged pricing

17  practices of Defendant offends any public policy or is substantially injurious to consumers <u>if it is</u>

18  <u>not also illegal</u>. Nor could she, since the only injury alleged is the purportedly false discount/savings

19  applied to plaintiff's product, which she did not return and for which she did not request a refund.

20  Thus, Plaintiff does not, and cannot, plead any independently actionable unfair practice against

21  Defendant and the cause of action should be dismissed. *Price v. Starbucks Corp.*, 192 Cal. App.

22  4th 1136, 1147 (2011) ("Because the underlying causes of action fail, the derivative UCL... claims

23  also fail"); *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001) (UCL claims

24  "stand or fall depending on the fate of the antecedent substantive causes of action.")

25

26     [3] In a brief and unpublished case, the Ninth Circuit recently assumed that the FTCA could form a
    predicate violation under the UCL. *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564,

27  567 (9th Cir. 2017). But the Ninth Circuit said otherwise in a prior, more well-reasoned opinion.
    *See, e.g.*, *O'Donnell*, 504 F. App'x at 568 (citing *Carlson v. Coca–Cola Co.*, 483 F.2d 279, 280

28  (9th Cir. 1973)). Defendant admits the issue is unsettled but urges the Court to find *O'Donnell* more
    persuasive; neither opinion is precedential.

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE,
TO STRIKE**

The UCL claim further fails because neither restitution nor injunctive relief is available for Plaintiff, as explained under Section V.C below.

**5.   Plaintiff's CLRA Claim for Damages Must be Dismissed for Failure to Provided Sufficient Notice.**

In an action for damages under the CLRA, a plaintiff must provide sufficient notice for (1) each particular product for which he or she is seeking damages under the CLRA and (2) each alleged misrepresentation so that the defendant has the ability to cure. Cal. Civ. Code § 1782(a); *see Frenzel v. AliphCom*, 2014 WL 7387150, at *12 (N.D. Cal. Dec. 29, 2014) (dismissing plaintiff's CLRA claims based on the first generation Jawbone UP device and the third generation Jawbone UP24 device because the CLRA letter only specified he purchased the second generation Jawbone UP device); *see also Allen v. Similasan Corp.*, 2013 WL 5436648, at *3 (S.D. Cal. Sept. 27, 2013) (dismissing the plaintiffs' CLRA claims based on misrepresentations such as "100% Natural," "Preservative free," "Good Manufacturing Practices," "Original Swiss Formula," and others relating to premarket regulatory approval because these allegations were not specifically raised in the notice letter); *see also Ruszecki v. Nelson Bach USA Ltd.*, 2015 WL 6750980, at *6 (S.D. Cal. June 25, 2015) (dismissing claims under CLRA challenging alleged misrepresentations such as, "100% Natural," "All Natural Form of Healing," "Can Reduce Everyday Stress," "Fast Acting," "trusted around the world," "trusted for over 70 years" in close proximity to "Dr. Bach" and "Non–Habit Forming," omitted from CLRA letter).

Plaintiff's pre-suit letter ("Letter") provides insufficient notice of the alleged unlawful practices and the products to which they relate. (RJN, at Exh. 1) Although Plaintiff alleges that Homary engaged in false discount advertising, Plaintiff fails to identify what representations or which specific product advertisements on Homary's website were purportedly unlawful. (*Id*.) First, The Letter fails to provide notice for each particular product for which she is seeking damages under the CLRA. (*Id*.) Specifically, the Letter fails to identify the brand or the model of the products that were supposedly falsely advertised, or which brand or product she purchased. (*Id*.) Instead, the Letter states "Claimant made several purchases . . . including a Modem Floor Lamp." (*Id*., at p. 1.) The at-issue website sells scores of products that could be encompassed by this description and

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

therefore the vague description in the Letter fails to identify any product to which the alleged

unlawful conduct relates. <u>Second</u>, the Letter fails to identify what representations, which specific

product advertisements, or any pricing statement on Homary's website were purportedly unlawful

. (*Id*.) Instead, the Letter states "Claimant made several purchases from Your website, including a

Modem Floor Lamp, which You repeatedly misrepresented as discounted and on sale, including

but not limited to representing that the items have a 'new lower price,' representing that consumers

'save $X,' 'or X%,' and displaying a strikethrough reference price." (*Id*., at p. 1.) Without

identifying the specific statements that Plaintiff believes are misleading, and how they are

misleading (and the products to which the statements relate), the Letter provides insufficient

statutory notice of Homary's alleged wrongdoing. Third, the Letter is insufficient because it

demands Homary make corrections about "Products," but fails to provide any specificity about

which products are referred to or what corrective advertising is requested. (*Id*.) Homary cannot

possibly "correct" the supposed misrepresentation without such information.

As notice was substantively deficient, Plaintiff's CLRA claim for damages, including

punitive damages, must be dismissed.

**B.     Unjust Enrichment Is Based on the Same, Conclusory Allegations and Is Not an Independent Cause of Action.**

Plaintiff's claim for unjust enrichment must fail with Plaintiff's other causes of action

because it is based on the same alleged conduct as her fraud-based claims (*i.e.*, Defendant's false

and misleading advertising caused Plaintiff to purchase products). Because Plaintiff's fraud-based

claims are insufficiently pleaded under Rule 9(b), as discussed above, so too is her unjust

enrichment claim. *See, e.g.*, *Aellis O. v. Connor*, No. 22-cv-200 JLS (WVG), 2022 WL 2229421,

at *8 (S.D. Cal. June 21, 2022) (dismissing unjust enrichment claim because the court "already

found that [p]laintiff has not pleaded sufficient facts to state his other claims, and his unjust

enrichment claim is derivative of those same facts"); *Shuman v. SquareTrade Inc.*, No. 20-cv-

02725-JCS, 2021 WL 5113182, at *11 (N.D. Cal. Nov. 3, 2021) (dismissing unjust enrichment

claim based on same facts as dismissed UCL claim); *Smith v. GlaxoSmithKline Consumer*

*Healthcare Holdings (US) LLC*, 660 F. Supp. 3d 863, 875 (N.D. Cal. 2023) (dismissing unjust

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

enrichment claim under Rule 9(b) standard where claim sounded in fraud based on same alleged "uniform course of fraudulent conduct" underpinning UCL, CLRA, FAL, and negligent misrepresentation claims); *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 627 (N.D. Cal. 2011) (dismissing unjust enrichment claim as insufficiently pleaded where unjust enrichment claim, along with FAL, UCL, CLRA, and misrepresentation claims, sounded in fraud and therefore were subject to Rule 9(b)). Thus, Plaintiff's unjust enrichment claim must be dismissed.

Additionally, even if pled in the alternative, in California there is no "standalone cause of action for 'unjust enrichment.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) ("unjust enrichment is "not a cause of action ... or even a remedy."). The claim is duplicative and should be dismissed for this additional reason. *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) (holding "plaintiffs cannot assert unjust enrichment claims that are merely duplicative of statutory or tort claims") (citing cases). Finally, as provided in Section V.C, Plaintiff cannot claim equitable relief, which is the only remedy available for unjust enrichment.

## C. Plaintiff Cannot Recover in Equity Where Damages May Be an Adequate Remedy and Plaintiff Has Not Alleged any Basis for Injunctive Relief.

Plaintiff's request for equitable relief—restitution, unjust enrichment, injunctive relief—suffers from additional flaws. Plaintiff cannot maintain any of her equitable claims because she has an adequate remedy at law: damages under the CLRA, the FAL, and for fraud. (*See* FAC at ¶¶ 8, 60, 68, 97.) The Ninth Circuit emphasizes that plaintiffs "must establish that [they] lack[] an adequate remedy at law before securing" equitable relief. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Although *Sonner* involved a challenge later in proceedings, "numerous courts in the wake of that decision have concluded that its reasoning applies at the pleading stage as well" and have dismissed claims for restitution and disgorgement of profits under the CLRA, FAL, UCL, and in quasi-contract where the plaintiffs could not show the unavailability of damages. *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 837 (N.D. Cal. 2021).

Here, though the basis for Plaintiff's damages is unclear, Plaintiff's claims for equitable relief rely on the same facts as her legal claims and appear to request the same relief: that Defendant

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

pay her the difference between the advertised value of the products and actual value. (FAC, at ¶¶ 14–15, 68) As such, Plaintiff's legal remedy is adequate because the claimed damages and restitution are identical. (*Id.*) Plaintiff's FAC simply parrots that "Plaintiff and the general public lack an adequate remedy at law to remedy and/or mitigate the totality of the injuries and misconduct described herein." (FAC, at ¶ 91). But, "[s]imply asserting the differences in the elements of the claims does not show that the restitution sought would go beyond the damages purportedly available to her, or that it would be more 'certain, prompt, or efficient' than the available legal remedies." *Barrett v. Optimum Nutrition, Inc.*, 2022 WL 18401338, at *1 (C.D. Cal. Dec. 13, 2022); *see also Zeller v. Optavia, LLC*, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022) ("Plaintiffs' arguments that equitable claims . . . are easier to prove does not make their equitable claims proper."); *Phillips v. Brooklyn Bedding LLC*, No. 23-CV-03781-RFL, 2024 WL 2830663, at *2 (N.D. Cal. Mar. 28, 2024) ("the FAL, UCL, and quasi-contract/unjust enrichment claims are dismissed for lack of equitable jurisdiction" because Plaintiff did not plead the inadequacy of a legal remedy).

Likewise, Plaintiff has no standing for injunctive relief—as prayed for by Plaintiff in ¶ 37 of the FAC—because she does not claim that she wishes to purchase any product from Defendant or is likely to face damages in the future. *Joslin v. Clif Bar & Co.*, No. 4:18-cv-04941-JSW, 2019 WL 5690632, at *3 (N.D. Cal. Aug. 26, 2019) (if plaintiffs "do not allege they want to or intend to purchase the Products in the future," then they do not have standing to pursue injunctive relief). In any case, injunctive relief is not available where "nothing suggests that damages will not be adequate for future purchasers" where the future harm is quantifiable and not abstract. *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021).[4]

Because Plaintiff is not entitled to present or future equitable relief, her prayer for such relief should be stricken and her claims that rely on equitable relief must be dismissed in their entirety, including Count III for violation of the UCL and Count V for Unjust Enrichment. *See*

---

[4] Plaintiff states that she is entitled to injunctive relief because her injury is "capable of repetition or reoccurrence by Defendant yet evades review." (FAC, at ¶ 92.) This is a mootness doctrine that has no application to standing. *See Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 794 (9th Cir. 2012).

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**

*Chowning v. Kohl's Dep't Stores, Inc.*, 735 F. App'x 924 (9th Cir. 2018) (UCL is limited to equitable relief); *Rodriguez v. Equal Exch., Inc.*, No. 23-CV-0055-AGS-SBC, 2024 WL 1421971, at *8–10 (dismissing unjust enrichment claim absent cognizable equitable relief).

## VI.     PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE STRICKEN.

Plaintiff seeks punitive damages on behalf of herself and the proposed class. (FAC, at ¶¶ 60 & Prayer for Relief (e).) A plaintiff is only entitled to punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). For an entity, this means that the Plaintiff must plead "'the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.'" *Terpin v. AT&T Mobility*, LLC, No. 2:18-CV-06975-ODW (KSx), 2020 WL 5369410, at *5 (C.D. Cal. Sept. 8, 2020) (citing Cal. Civ. Code § 3294(b)); *see also Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, No. 14-CV-00362-BLF, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014) ("[A] company simply cannot commit willful and malicious conduct—only an individual can.").

Plaintiff fails to plead—even generally—that an officer, director, or managing agent of Defendant committed or ratified an act of oppression, fraud or malice. Accordingly, Plaintiff's claim for punitive damages should be stricken because she has failed to adequately plead facts to support a claim for punitive damages. *See, e.g.*, *Winding*, 543 F. App'x at 684; *Somerville v. Medtronic, Inc.*, No. 8:20-cv-02177-JLS- ADS, 2021 WL 5926029, at *13 (C.D. Cal. Aug. 19, 2021).

## VII.     CONCLUSION.

For the reasons set forth above, Defendant respectfully requests that the Court grant the instant Motion and dismiss Plaintiff's FAC with prejudice, or in the alternative, each cause of action, strike Plaintiff's claims for equitable relief, and strike Plaintiff's claim for punitive damages.

DATED: September 24, 2024                    BLANK ROME LLP

By: */s/ Ping Zhang*
Ana Tagvoryan
Erica R. Graves
Ping Zhang
Attorneys for Defendant
HOMARY INTERNATIONAL LIMITED

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE**